UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEDRO O.,[1]

                                                           Plaintiff,                    Case # 24-CV-723-FPG

v.                                                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                           Defendant.
_____

## INTRODUCTION

Plaintiff Pedro O. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 10. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In February 2020, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 69. He alleged disability since November 2018 due to anxiety, depression, and panic attacks. *Id.* In October 2023, Administrative Law Judge Tracy LaChance ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 16-27. In June 2024, the Appeals Council denied

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

1

Plaintiff's request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February

3

2020, his application date. Tr. 18. At step two, the ALJ found that Plaintiff suffered from severe mental impairments of generalized anxiety disorder, major depressive disorder, and post-traumatic stress disorder. Tr. 19. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 20.

Next, the ALJ determined that Plaintiff had the RFC to perform work at all exertional levels, but that he had a number of non-exertional limitations. Tr. 21. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 26. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 26-27. The ALJ therefore found that Plaintiff was not disabled. Tr. 27.

II. Analysis

Plaintiff argues that remand is warranted because the ALJ committed several errors in constructing the mental RFC. Specifically, Plaintiff contends that the ALJ (1) did not articulate why she distinguished between interactions with the public and those with supervisors and coworkers; and (2) gave undue weight to Plaintiff activities of daily living. ECF No. 6-1 at 8-14. The Court need not address these issues substantively, however, because Plaintiff has failed to articulate any harm resulting from them.

"As a general matter, where an ALJ imposes a limitation in [her] RFC that is more restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation." *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022). "The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required, and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Theresa G. v. Saul*, No. 20-

4

CV-362, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021) (internal quotation marks omitted); *see also Ryan W. v. Comm'r of Soc. Sec.*, No. 20-CV-1325, 2022 WL 813934, at *4 (N.D.N.Y. Mar. 17, 2022) ("The elimination of the added restrictions would have made Plaintiff more employable, not less, and so Plaintiff cannot show how the ultimate finding that he was not disabled would have been altered if the ALJ had imposed less restrictions."); *Colleen K. v. Comm'r of Soc. Sec.*, No. 19-CV-1124, 2021 WL 117994, at *4 (W.D.N.Y. Jan. 13, 2021).

The medical opinions in the record reveal fairly insignificant restrictions arising from Plaintiff's mental impairments. One state-agency consultant deemed Plaintiff's mental impairments nonsevere, Tr. 73, another state-agency consultant found that Plaintiff had no more than moderate functional limitations, Tr. 88, and a consultative examiner found no more than mild limitations, Tr. 954. The ALJ credited Plaintiff's reports of "increased anxiety and symptoms when stressed" and chose to impose greater restrictions than that suggested by the medical opinions. Tr. 25. Thus, even if erroneous, the ALJ's choice was an error tending to Plaintiff's benefit. Because Plaintiff fails to explain how he was prejudiced by the ALJ's decsionmaking, remand is not warranted.[3]

---

[3] Separately, Plaintiff asserts that the ALJ did not adequately explain how she accounted for Plaintiff's stress in the RFC. *See* ECF No. 6-1 at 9-11. The Court is not persuaded. The ALJ expressly stated that she accounted for Plaintiff's stress by limiting his social interactions and changes in work routine. *See* Tr. 25-26. And even if the ALJ's discussion could have been more robust, the Court is able to glean her rationale concerning stress, and therefore remand is not justified. *See Joseph W. v. Comm'r of Soc. Sec.*, No. 20-CV-6859, 2022 WL 4462236, at *6 (W.D.N.Y. Sept. 26, 2022) (collecting cases). Moreover, as stated above, the mental RFC—including as it pertained to Plaintiff's stress—was, if anything, more favorable to Plaintiff than the medical opinions of record. Plaintiff has not demonstrated a harmful error warranting remand.

**CONCLUSION**

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 3, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York